**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CITIGROUP GLOBAL MARKETS, INC.,
d/b/a SMITH BARNEY,
a New York Corporation,

       Plaintiff,

v.                              CASE NO.  4:06cv295-RH/WCS

WILLIAM G. BARKER, an individual, and
RAYMOND JAMES & ASSOCIATES, INC.,
a Florida Corporation,

       Defendants.

_____/

**<u>PRELIMINARY INJUNCTION</u>**

This is an action by a securities brokerage firm against a departing broker
and his new employer alleging violation of an employment contract restricting the
broker's solicitation of the prior firm's clients.  Plaintiff has moved for a
preliminary injunction.  Following an evidentiary hearing, I conclude (1) that the
plaintiff has established a likelihood of success on the merits; (2) that the plaintiff
will suffer irreparable harm unless further violations are enjoined; (3) that the
balance of equities favors issuance of a preliminary injunction; and (4) that the

public interest favors issuance of a preliminary injunction.  For these reasons and those set forth on the record of the hearing of June 29, 2006,

IT IS ORDERED:

1.  By July 7, 2006, at 5:00 p.m., defendants William G. Barker ("Mr. Barker") and Raymond James & Associates, Inc. ("Raymond James"), collectively referred to in this order as "Defendants," shall return to plaintiff Citigroup Global Markets, Inc. doing business as Smith Barney ("Plaintiff") every record in any form taken by Mr. Barker from Plaintiff, and every copy in any form of any such record.  Defendants shall retain no copy of any such record.  This paragraph does not, however, apply to Mr. Barker's personal calendar, which Mr. Barker may retain.

2.  By July 7, 2006, at 5:00 p.m., Mr. Barker shall advise Plaintiff in writing of any information in his personal calendar relating to clients served by Mr. Barker during his employment with Plaintiff unless the information is already in records of Plaintiff that were not taken by Mr. Barker from Plaintiff.

3.  Defendants shall not solicit business from or initiate contact with any Smith Barney client (defined as any client of Plaintiff during Mr. Barker's employment with Plaintiff, including but not limited to any client served by Mr. Barker) unless:

(a)  The client was an existing client of Raymond James as of June 1, 2006;

(b)  Mr. Barker not aware, while employed with Plaintiff, that the client was a Smith Barney client;

(c)  Mr. Barker was broker of record for the client during his employment at Southern Farm Bureau; or

(d)  Mr. Barker solicited and maintained the client while employed with Plaintiff only as a result of his own independent recruitment efforts, which Plaintiff neither subsidized nor otherwise financially supported as part of a program of client development.[1]

4.  At least three business hours (defined as between 9:00 a.m. and 5:00 p.m. E.D.T.) before the solicitation of or initiation of contact with any Smith Barney client under paragraph 3(c) or 3(d) above, the Defendant proposing to make any such solicitation or initiation of contact shall file in this action a notice of the

---

[1] Communicating with clients with respect to funds that already have been moved into Raymond James accounts (or for which asset transfer orders already have been signed by the client) is not deemed soliciting or initiation of contact in violation of this order.  Soliciting or initiating contact with any such client seeking a transfer of *additional* funds *does* constitute solicitation or initiation of contact in violation of this order (unless another exception applies).  Returning a telephone call from a client who knows Mr. Barker no longer works at Plaintiff is not solicitation or initiation of contact, so long as the client's call was not itself a response to an earlier solicitation or initiation of contact by Mr. Barker that, if made at the time of the return call, would violate this order.  Returning a telephone call to Mr. Barker from a client who does not know Mr. Barker no longer works with Plaintiff is not solicitation or initiation of contact so long as Mr. Barker (a) provides accurate contact information for Plaintiff, and (b) does not affirmatively solicit the client's business; in any such call, Mr. Barker may accurately respond to any question or request of the client.

Defendant's intention to do so.  The solicitation or initiation of contact then may proceed after expiration of three business hours unless a separate order is entered enjoining the solicitation or initiation of contact.

5.  As a condition of this order, Plaintiff shall provide to any client or other person on request accurate contact information for Mr. Barker.

6.  As a condition of this order, Plaintiff agreed on the record to pay such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, up to $15,000.  Defendants accepted this undertaking in lieu of a cash bond or other security.  Plaintiff shall file an undertaking by July 7, 2006, stating, "Plaintiff agrees to pay such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained by the preliminary injunction entered as of June 29, 2006, up to $15,000."  If no such undertaking is filed by Plaintiff, this order shall be of no further force or effect.

SO ORDERED this 3d day of July, 2006, nunc pro tunc June 29, 2006.

s/Robert L. Hinkle
Chief United States District Judge